USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2026

**EMERGENCY MOTION FOR STAY PENDING APPEAL**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re: PURDUE PHARMA L.P. et al.,**
Debtors.

**Laurie Danielle Pitts-Tillman,**
Appellant,

v.
**Purdue Pharma L.P., et al.,**
Appellees.

Case No. **7:25-cv-10433-NSR**
( Bankr. Case No. **19-23649 (SHL)**)

**The Court directs Appellee Purdue Pharma L.P. to respond to Appellant's motion by March 11, 2026. Appellee need not submit a fully briefed response. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40 and to mail this Endorsement to the *pro se* Appellant at the address listed on ECF.**

**Dated: February 25, 2026.**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

MEMO ENDORSED

**EMERGENCY MOTION FOR STAY PENDING APPEAL**

(Fed. R. Bankr. P. 8007(b))

COMES NOW Appellant **Laurie Danielle Pitts-Tillman,** pro se, and respectfully moves this Court for an **Emergency Stay Pending Appeal** of the Bankruptcy Court's **Confirmation Order** approving third-party releases imposed over Appellant's objection; (Bankr. Case No. 19-23649 (SHL)) and the Bankruptcy Court's **Order denying a stay pending appeal** entered on **February 12, 2026,** and for such further relief as is necessary **to preserve appellate jurisdiction and Appellant's rights** during the pendency of this appeal.

This motion is brought pursuant to **Fed. R. Bankr. P. 8007(b)** after Appellant sought and was denied a stay in the Bankruptcy Court.

## I. Procedural Posture

1. Appellant timely noticed an appeal from the Bankruptcy Court's **Confirmation Order approving third-party releases pursuant to a plan mechanism that extinguishes Appellant's claims without Appellant's affirmative consent and over Appellant's objection.**
2. Appellant sought a stay pending appeal in the Bankruptcy Court; the request was denied on February 12, 2026.

3. Appellant now seeks emergency relief from this Court under Fed. R. Bankr. P. 8007(b).

**II. Standard for Stay Pending Appeal**

In deciding a stay pending appeal, courts consider:

(1) likelihood of success on the merits;
(2) Irreparable harm absent a stay;
(3) Substantial injury to other parties; and
(4) The public interest

See Nken v. Holder, 556 U.S. 418, 434 (2009).

**III. Likelihood of Success on the Merits**

Appellant timely objected to the third-party release provisions and did not provide affirmative consent to any mechanism purporting to release Appellant's claims. The Bankruptcy Court nevertheless approved court-imposed third-party releases over Appellant's objection. The Supreme Court recently held in Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024), that bankruptcy courts lack statutory authority to approve non-consensual third-party releases, directly calling into question the legality of the releases imposed over Appellant's objection here. These issues present pure questions of law reviewed de novo. Under the Supremacy Clause, only laws and orders made in pursuance of the Constitution are entitled to supremacy. Because the Confirmation Order and releases, as applied to Appellant, exceed the authority Congress granted and violate constitutional limits, they are not made in pursuance of the Constitution. Appellant therefore has a strong likelihood of success on the merits.

**IV. Irreparable Harm**
**(Equitable Mootness)**

Absent a stay, consummation will vest third-party rights in a manner that forecloses meaningful review of whether the orders below were made in pursuance of the Constitution, rendering the appeal effectively moot.

Even where a plan labels releases as "consensual", implementation before Appellate review permanently extinguishes Appellant's claims and moots review of whether the consent mechanism was lawful as applied to Appellant.

**V. Balance of Harms**

A narrowly tailored stay **as to Appellant** preserves the status quo and protects appellate jurisdiction. Appellees face only temporary delay in enforcing releases **as to Appellant,** while Appellant faces permanent loss of rights without a stay. The balance of harms favors granting relief.

**VI. Public Interest**

The public interest is served by ensuring that courts act within constitutional and statutory limits and that appellate review remains meaningful- particularly where releases extinguish claims without consent. Temporary preservation of appellate jurisdiction promotes lawful administration of justice.

**VII. Bond**

Appellant is **indigent** and proceeding in forma pauperis. Appellant respectfully requests **waiver of any bond,** or in the alternative, imposition of a **nominal bond.**

**WHEREFORE**

Appellant respectfully requests that this Court:

1. **Grant an Emergency Stay Pending Appeal** of the Confirmation Order and the Bankruptcy Court's February 12, 2026 stay- denial order, **to the extent necessary to preserve appellate jurisdiction and as to Appellant;**
2. **Enjoin implementation and enforcement of third-party releases as to Appellant** pending resolution of this appeal;
3. **Waive any bond** (or set a nominal bond); and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully presented,
**/s/ Laurie Danielle Pitts-Tillman**
Pro Se
5116 Ga Highway 99
Brunswick, Ga. [31525]
912-506-8875
Greatmommy2002@icloud.com
Greatmommy2002@gmail.com
Date: **February 23, 2026**

**DECLARATION OF LAURIE DANIELLE PITTS-TILLMAN**

I declare under penalty of perjury:

1. I am the Appellant in this appeal.
2. I sought a stay in the Bankruptcy Court; the request was denied on February 12, 2026.
3. Absent a stay, consummation of the Plan and enforcement of releases will equitably moot my appeal and permanently extinguish my rights.
4. I am indigent and proceeding in forma pauperis. I have timely sought transcripts and record materials.
5. The harm from denial of a stay is irreparable; temporary delay of distributions is not.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **February 23, 2026**
**/s/ Laurie Danielle Pitts-Tillman**
5116 Ga Highway 99
Brunswick, Ga. [31525]
912-506-8875
Greatmommy2002@icloud.com
Greatmommy2002@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on **February 23, 2026,** I served the foregoing Emergency Motion for Stay Pending Appeal **via the Court's ECF noticing system where applicable,** and/or **by email to counsel on record who have consented to electronic service.**

- Purdue Pharma L.P. ( Davis Polk & Wardwell LLP)
- Official Committee of Unsecured Creditors (Akin Gumo Strauss Hauer & Feld LLP)
- Ad Hoc Committee of Governmental & Other Contingent Litigation Claimants (Herbert Smith Freehills Kramer (US) LLP)
- Ad Hoc Group of Individual Victims (ASK LLP / White & Case LLP)
- Multistate Governmental Entities Group (Caplin & Drysdale, Chartered)

**/s/ Laurie Danielle Pitts-Tillman**
Pro se
5116 Ga Highway 99 Brunswick, Ga. [31525]
912-506-8875
Greatmommy2002@gmail.com
Greatmommy2002@icloud.com

Date: **February 23, 2026**