UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/2026

In re

PURDUE PHARMA L.P., *et al.*,

                Debtors.

LAURIE DANIELLE PITTS-TILLMAN,

                Appellant,

   -against-

PURDUE PHARMA L.P., *et al.*,

                Appellees.

No. 25-CV-10433 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is *pro se* Appellant Laurie Danielle Pitts-Tillman's ("Appellant") Emergency Motion for Stay Pending Appeal. (ECF No. 40.) Therein, Appellant makes a variety of arguments, including that the Bankruptcy Court imposed third-party releases over Appellant's objection. (*Id*. at 2.) Debtors-Appellees Purdue Pharma L.P. ("Debtors-Appellees") oppose the Motion. (ECF No. 43.) While the Court understands that this action is important to Appellant, the Court must deny her Motion.

The standard for obtaining a stay is demanding, requiring Appellant to satisfy four factors: (1) whether the stay applicant has made a "strong showing" of likelihood of success on the merits; (2) whether the stay applicant will be irreparably harmed absent a stay; (3) whether issuance of a stay would substantially injure other parties; and (4) where the public interest lies. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007).

Appellant's principal argument is that the Bankruptcy Court "imposed third-party releases over Appellant's objection… exceeding the authority Congress granted and violat[ing] constitutional limits." (ECF No. 40 at 2.)  The Court need not review the merits of this argument at this juncture, particularly because the merits of this appeal are stayed pending resolution of Debtors-Appellees' Motion for Consolidation. (*See* ECF No. 17.)  That said, the Court notes that the Bankruptcy Court correctly observed that, because Appellant did not consent to release the Sackler Parties, she likely "lack[s] standing to challenge the legality of the consensual releases" because she is "not a party aggrieved by the confirmation order." (ECF No. 43, Ex. A at 21:17–22:1 (citing *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc. (In re Kaiser Gypsum Co., Inc.)*, 60 F.4th 73, 81 (4th Cir. 2023), *rev'd and remanded on other grounds*, 602 U.S. 268 (2024))).

Appellant likewise fails to demonstrate that she will suffer irreparable injury absent a stay. Appellant contends that her claims will be "permanently extinguished" unless a stay is issued. (ECF No. 40 at 2.)  But that is incorrect.  Whether the Court proceeds to rule on the merits of this appeal will not affect Appellant's ability to pursue relief.  The Court acknowledges that Appellant is presently barred from suing the Debtors-Appellees and other related parties until the expiration of the underlying temporary injunction.  However, granting a stay would have the opposite effect of that which Appellant seeks, as it would only delay her ability to pursue any future claims.  This is particularly true because Appellant did not voluntarily opt into the third-party releases, permitting her to litigate against non-debtors once the confirmation plan becomes effective and the temporary injunction is dissolved.  Nor does Appellant's contention that her appeal may be rendered equitably moot fare any better.  *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016).

2

Moreover, if the Court were to stay this appeal, not only would the Debtors-Appellees be greatly harmed, (ECF No. 43 at 4), "the Federal Government, thousands of municipalities, and tens of thousands of voters who voted to accept [the confirmation] plan, as well as every organized creditor group" would potentially be harmed (*see id.*, Ex A. 35:7–16.)  For similar reasons, Appellant cannot prove that a stay serves the public interest, as it will halt the recovery of billions of dollars in creditor recoveries, opioid abatement programs, and the creation of a public benefit company dedicated to combatting the effects of the opioid crisis.  (ECF No. 43, Ex. A. at 35:19 – 23.)

For the foregoing reasons, the Court DENIES Appellant's Motion to Stay.  The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Appellant at the address listed on ECF and to show service on the docket.

SO ORDERED,

Dated: March 13, 2026
     White Plains, NY

_____

Nelson S. Román, U.S.D.J.