USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/01/2026

**UNITED STATES     DISTRICT COURT**

**SOUTHERN  DISTRICT OF NEW YORK**

In re:

**Purdue Pharma L.P., et al.,**

Debtors.

---

**LAURIE DANIELLE PITTS-TILLMAN,**

Appellant, Pro Se

v.

**PURDUE PHARMA L.P., et al.,**

Appellees.

**Civil Action No.: 7:25-cv-10433 (NSR)**

Bankr. Case no. 19-23649-(SHL)

Debtor-Appellees Purdue Pharma L.P. is directed to respond to Appellant's motion by April 17, 2026. Debtor-Appellees need not submit a fully briefed response. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 49 and to mail this Endorsement to *pro se* Appellant at the address listed on ECF.

Dated: April 1, 2026
           White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

**MOTION FOR RECONSIDERATION OF ORDER DENYING STAY PENDING APPEAL**

---

**I. INTRODUCTION**

Movant, Laurie Danielle Pitts-Tillman, proceeding pro se, respectfully moves for reconsideration of this Court's Order denying a stay pending appeal.

Reconsideration is warranted due to clear errors of law, failure to apply controlling legal standards, failure to address material arguments, and resulting manifest injustice affecting Movant's constitutional and statutory rights.

MEMO ENDORSED

## II. TIMELINESS AND PRESERVATION

This Motion is filed within the applicable time period under governing rules, or alternatively at the earliest practicable time upon receipt of notice.

To the extent any delay is found, such delay constitutes excusable neglect under

Federal Rule of Civil Procedure 60(b).

See:

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*
*507.S. 380 (1993)*

Movant acted diligently and in good faith, and no party is prejudiced.

## III. LEGAL STANDARD

Reconsideration is appropriate where the Court has overlooked controlling law or facts or where necessary to prevent manifest injustice.

See:

- *Shrader v. CSX Transportation, Inc.*
  *70 F. 3d 255 (1995)*

Here, reconsideration is warranted because the Court overlooked controlling legal standards, including the proper stay factors, due process requirements, and issues affecting Movant's standing and appellate rights.

## IV. ARGUMENT

## A. FAILURE TO APPLY REQUIRED STAY FACTORS

A stay requires consideration of:

- Likelihood of success

- Irreparable harm

- Balance of hardships

- Public interest

See:

- *Nken v. Holder 556 U.S. 418 (2009)*

- *Mohammed v. Reno*
  *309 F. 3d 95 (2002)*

Error: The Court failed to meaningfully apply these factors to Movant.

Impact: Movant's rights were denied without full legal analysis.

"The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors."

In the Second Circuit, a stay may be granted where the movant demonstrates serious questions going to the merits and a balance of hardships tipping in her favor. See *Mohammed v. Reno. 309 F.3d 95 (2002)*

---

## B. MISAPPLICATION OF STANDING

**See:**

- *Lujan v. Defenders of Wildlife 504 U.S. 555 (1992)*

Application: Movant is a personal injury claimant whose recovery is directly affected.

Error: The Court prematurely questioned standing without full analysis.

**STANDING UNDER LUJAN**

Article III standing requires a concrete and particularized injury, causation, and redressability.

See *Lujan v. Defenders of Wildlife. 504 U.S. 555 (1992)*

---

**1. INJURY IN FACT**

Movant has suffered a concrete and particularized injury.

As a personal injury claimant, Movant's recovery and rights are directly affected by the structure, implementation, and enforcement of the plan and the denial of a stay pending appeal.

---

**2. CAUSATION**

That injury is directly traceable to the actions at issue, including the confirmation of the plan and the denial of a stay, which materially affect Movant's ability to protect and realize her claim.

---

**3. REDRESSABILITY**

The requested relief—a stay pending appeal—would preserve Movant's rights and prevent further harm, thereby satisfying the requirement of redressability.

---

**WHERE THE COURT WENT WRONG**

The Court's statement that Movant "likely lacks standing" does not reflect application of the required elements under *Lujan v Defenders of Wildlife 504 U.S. 555 (1992)* and fails to address Movant's direct and personal stake in the outcome.

## C. IMPROPER MERITS DETERMINATION DESPITE STANDING DOUBT

**See:**

- *Steel Co. v. Citizens for a Better Environment 523 U.S. 83 (1998)*

Error: The Court questioned standing while simultaneously denying relief on substantive grounds.

Impact: This creates an internally inconsistent ruling.

## D. IRREPARABLE HARM MISAPPLIED

**See:**

- *In re Adelphia Communications Corp. 361 B.R. 337 (2007)*

Application: Plan implementation risks equitable mootness.

Error: The Court failed to consider loss of meaningful appellate relief.

## E. DENIAL OF MEANINGFUL OPPORTUNITY TO BE HEARD

**See:**

- *Mullane v. Central Hanover Bank & Trust Co. 339 U.S. 306*

- *Mathews v. Eldridge 424 U.S. 319 (1976)*

Application: Movant was denied opportunity to respond to Debtors before ruling on stay motion.

Movant was also denied an opportunity to speak when bankruptcy court denied stay motion.

Impact: Procedural due process violation.

---

## F. LIMITATION ON PARTICIPATION AND FACT DEVELOPMENT

Appellant was not allowed to cross-examine through Zoom meeting during the Bankruptcy process.

Court required cross-examination to be done in-person only.

Impact: Undermines fairness of proceedings.

---

## G. TIMELINESS OF APPEAL

**See:**

- *Federal Rule of Bankruptcy Procedure 8002*

- *In re Westwood Shake & Shingle, Inc. 971 F. 2d 387 (1992)*

Application: The modified confirmation order reset the appeal period.

Error: Any contrary assumption constitutes legal error.

> The time to appeal runs from the entry of a final, appealable order (November 20, 2025) Where an order is materially modified, the appeal period runs from the modified order. See *In re Westwood Shake & Shingle, Inc.. 971 F. 2d 387 (1992)*.

Appeal was presented on December 3, 2025 within the 14-day window.

---

## H. LACK OF FINDINGS

**See:**

- *Anderson v. City of Bessemer City 470 U.S. 564 (1985)*

Movant objected to voting structure and overlapping claims plus possible double dipping/unjust enrichment that could only be known by giving a full accounting.

Error: The Order lacks sufficient findings for appellate review.

> The Order denying a stay does not sufficiently explain the basis for the Court's conclusions, including its treatment of standing, irreparable harm, and the required stay factors. The absence of clear findings prevents effective appellate review and constitutes reversible error.

---

## I. ARTICLE III AND JURY TRIAL CONCERNS

**See:**

- *Stern v. Marshall 564 U.S. 462 (2011)*

- *Granfinanciera, S.A. v. Nordberg 492 U.S. 33 (1989)*

Application: Movant's personal injury claim implicates private rights.

Error: Proceedings affected these rights without clear consent consistent with Article III protections.

---

## J. ARTICLE III AND SEVENTH AMENDMENT LIMITATIONS

> The Constitution imposes limits on the authority of non–Article III tribunals to adjudicate private rights and protects the right to a jury trial in such matters.
> As the Supreme Court explained in *Stern v. Marshall, 564 U.S. 462 (2011),*
> "Article III of the Constitution provides that the judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in that Article," and Congress may not bypass those protections merely because a matter relates to bankruptcy.

Similarly, in *Granfinanciera, S.A. v. Nordberg 492 U.S. 33 (1989)* the Court recognized that claims involving private rights entitle a party to a jury trial and cannot be finally adjudicated outside Article III absent valid consent.

---

## K.  FAILURE TO PROVIDE ACCOUNTING

**See:**

- *Pepper v. Litton 308 U.S. 295 (1939)*

Application: Movant requested accounting; none was provided.

Impact: Prevents meaningful participation and evaluation.

---

## L. FAILURE TO ENSURE EQUITABLE TREATMENT AND TRANSPARENCY

The Bankruptcy Court is a court of equity and must ensure fairness in the treatment of claims.

As the Supreme Court stated in *Pepper v. Litton 308 U.S. 295 (1939),* "A bankruptcy court is a court of equity and is guided by equitable doctrines and principles," and has both the power and duty "to sift the circumstances surrounding any claim to see that injustice or unfairness is not done."

Movant repeatedly requested a full accounting and transparency regarding matters directly affecting her recovery, yet no such accounting was provided.

The failure to address these concerns or ensure transparency undermines the equitable obligations imposed by *Pepper v. Litton 308 U.S.295 (1939)* and deprives Movant of a meaningful ability to evaluate and protect her rights.

---

**M. VOTING IRREGULARITIES, DUPLICATIVE CLAIMS, AND IMPROPER DISTRIBUTION**

The Bankruptcy Code requires that claims be properly classified and that voting accurately reflect creditor interests. See 11 U.S.C. §§ 1122, 1126.

Here, Movant raised concerns regarding overlapping, duplicative, and potentially derivative claims asserted by governmental entities and other parties, which may have distorted both the voting process and resulting distributions.

Such irregularities undermine the integrity of the confirmation process and risk dilution of legitimate personal injury claims.

Courts have rejected plan structures that improperly allocate value or circumvent statutory protections. As the court explained in In re *Armstrong World Industries, Inc., 432 F.3d 507 (3d Cir. 2005):*

"The absolute priority rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class may receive or retain any property."

Further, the court emphasized that:

"A plan may not provide property to junior claimants over the objection of a senior class through the use of a mechanism that evades the absolute priority rule."

And that:

"The Bankruptcy Code does not permit parties to evade the statutory scheme through creative plan structuring."

Despite these governing principles, Movant's objections regarding duplicative claims, overlapping recoveries, and the resulting dilution of her recovery were not meaningfully addressed.

Without a full accounting and transparency regarding claim classification, aggregation, and distribution, the Court cannot ensure compliance with the Bankruptcy Code or its equitable obligations.

The failure to address these issues constitutes legal error and undermines confidence in both the voting process and the fairness of the plan.

## V. RELIEF REQUESTED

Movant respectfully requests:

1. Reconsideration of the Order

2. Issuance of a stay pending appeal

3. Full findings addressing all issues

4. Any additional relief deemed appropriate

## VI. RESERVATION OF RIGHTS

Movant expressly reserves all rights, claims, arguments, and defenses available under applicable law, whether constitutional, statutory, or otherwise.

This Motion is not intended to be exhaustive and is based on information presently available. Movant reserves the right to supplement, amend, or modify this Motion, and to raise additional arguments, authorities, and evidence as they become known or as necessary to fully protect her rights.

Nothing herein shall be construed as a waiver of any rights, remedies, objections, or claims, all of which are expressly preserved.

## VII. CONCLUSION

The denial of a stay resulted from legal error, procedural deficiencies, and failure to address critical issues affecting Movant's rights.

Reconsideration is necessary to prevent manifest injustice.

Respectfully presented,

/s/ Laurie Danielle Pitts-Tillman

Pro Se

5116 Georgia Highway 99

Brunswick, Georgia [31525]

Date: March 30, 2026

**CERTIFICATE OF SERVICE**

**I, Laurie Danielle Pitts-Tillman, hereby certify that on this 30 day of March, 2026, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served upon all parties of record in this matter.**

**Service was made via the Court's CM/ECF system, which provides notice of filing to all registered counsel of record.**

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on this 30  day of March , 2026.**

_____

**Laurie Danielle Pitts-Tillman**

**Pro Se**

**5116 Georgia Highway 99**

**Brunswick, Georgia [31525]**