USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/02/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

PURDUE PHARMA L.P., *et al.*,

          Debtors.

LAURIE DANIELLE PITTS-TILLMAN,

          Appellant,

   -against-

PURDUE PHARMA L.P., *et al.*,

          Appellees.

No. 25-CV-10433 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is *pro se* Appellant Laurie Danielle Pitts-Tillman's ("Appellant") motion for transcripts at government expense. (ECF No. 50.) Familiarity with prior proceedings is presumed.

"A litigant proceeding [*in forma pauperis*] under 28 U.S.C. § 1915 does not have a right to free trial transcripts." *Hicks v. Encarnacion*, 2026 WL 177800, at *1 (S.D.N.Y. Jan. 22, 2026) (quoting *Heyliger v. Cymbrak*, 2022 WL 18399501, at *2 (N.D.N.Y. Dec. 20, 2022)). Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in non-habeas civil proceedings to persons permitted to appeal *in forma pauperis* shall be paid by the United States 'if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).'" *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009) (quoting 28 U.S.C. § 753(f)). "Courts have defined a substantial question for the

purposes of Section § 753(f), as a question that is reasonably debatable when judged on an objective basis." *Id*. "When considering whether to furnish an appellant *in forma pauperis* with a free copy of a trial transcript, courts also take into account whether a transcript is necessary to the appeal, and the cost to the Court of providing the requested transcript." *Id*. More specifically:

> § 753(f) was not intended to require free transcripts for all civil litigants proceeding *in forma pauperis* who argue a sufficiency of the evidence issue or factual issues on appeal. Instead, a successful § 753(f) motion will demonstrate a nexus between specific portions of the trial transcript and the particular grounds on which the plaintiff intends to appeal; the plaintiff must show that the former is necessary for asserting the latter. Stated another way, the plaintiff is obliged to make a particularized showing of his need for a free transcript.

*Matteson v. Galarneau*, 2020 WL 13615670, at *1 (N.D.N.Y. Feb. 28, 2020).

Here, Appellant has identified specific issues to be raised on appeal, including challenges to the Bankruptcy Court's confirmation of the plan, its approval of third-party releases, and its denial of a stay pending appeal. (ECF No. 50 at 2.) Appellant further represents that the Bankruptcy Court's findings of fact and conclusions of law were delivered orally during proceedings held on November 18 and 20, 2025, and February 12, 2026, and that no written findings adequately capture the Court's reasoning. (*Id*.) Under these circumstances, the Court concludes that Appellant has demonstrated that the appeal presents substantial questions that are reasonably debatable and that the requested transcripts are necessary for their resolution.

Accordingly, Appellant's motion for transcripts at government expense is GRANTED IN PART, solely to the extent that Appellant seeks transcripts of the proceedings held on November 18, 2025, November 20, 2025, and February 12, 2026. The motion is otherwise denied. The above-described transcripts are to be provided by the court reporter (on a non-expedited basis) at the expense of the United States, pursuant to 28 U.S.C. § 753(f). The Clerk of Court is respectfully

directed to terminate the motion at ECF No. 50, and to mail a copy of this Order to *pro se* Appellant

at the address listed on ECF.


SO ORDERED,

Dated: April 2, 2026
       White Plains, NY

_____
Nelson S. Román, U.S.D.J.